```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :      MEMORANDUM & ORDER
            v.                               :      24-CR-183 (WFK)
                                             :
CIPRIAN DUDA,                                :
                                             :
                        Defendant.           :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 19, 2024, Ciprian Duda ("Defendant") pled guilty to a single-count Information charging with him Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. §§ 1029(b)(2), (c)(1)(A)(ii). Information ¶ 1, ECF No. 28; Plea Agreement ¶ 1, ECF No. 30. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to eighteen months' imprisonment, two years of supervised release with both the standard and special conditions, excepting the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d); restitution in the amount of $9.860.00; and the $100.00 mandatory special assessment.

## I. Background

Beginning in November 2021, Defendant, Co-Conspirator 1, and at least five others participated in a scheme to install hidden card-reading devices in ATMs across New York, Pennsylvania, and New Jersey. Sealed PSR ¶¶ 2, 3. They used these "skimming" devices to steal bank account information, create fake bank cards, and withdraw large amounts of cash. *Id.* at 3. The members of the conspiracy obtained the bank account information of more than a thousand victims, stealing more than $1.7 million from customer accounts. *Id.*

On January 5, 2022, Defendant used a skimmed credit card to purchase $9,860.00 worth of items from an Apple store in the Bronx, New York. *Id.* at 7. On February 1, 2022, law enforcement officials searched a residence and storage unit in Astoria, Queens, associated with the conspiracy. *Id.* at 5. Skimming devices and device-making equipment were found at both locations. *Id.* Defendant lived in the top apartment of the Astoria residence. *Id.* His laptop

1

contained information on fifty-six stolen accounts and associated PIN numbers. *Id.* In the Astoria storage unit, officers recovered a skimming mill comprising devices and tools associated with skimming activity. *Id.* at 6.

Defendant was arrested on November 18, 2023, in the Northern District of Illinois. *Id.* at 8. He was detained pending his removal to the Eastern District of New York. *Id.* He was transferred to this district on November 20, 2023. *Id.*

## II. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citations omitted). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### III. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### *1.    Family and Personal Background*

Defendant was born in Ploiesti, Romania, on November 12, 1985. Sealed PSR ¶ 45. His father died in a car accident when Defendant was young. *Id.* Defendant's mother is a retired factory worker with various health issues. *Id.* Defendant's mother remarried when Defendant was four or five years old. *Id.* Defendant has a good relationship with his mother; they speak once a week. *Id.* Defendant has two maternal half-siblings and has a good relationship with each. *Id.* ¶ 47. Defendant's mother and siblings are aware of Defendant's offense and supportive. *Id.* ¶¶ 45, 47.

Defendant grew up under below-average economic circumstances. *Id.* ¶ 48. His father did not acknowledge him as his son, for reasons unknown to Defendant. *Id.* Defendant found it difficult to live in a communist country and reported life became worse after communism fell and the economy collapsed. *Id.* Defendant played soccer and earned money from playing, which he reported giving to his mother to help support her. *Id.* Defendant did not experience abuse or neglect during his childhood. *Id.*

Defendant states he and his family were subject to discrimination in Romania for being of Romanian Gypsy descent. *Id.* ¶ 49. Defendant claims he was insulted at school for his ethnic background, and that he was sent to Spain to avoid this discrimination. *Id.*

Defendant has been in a romantic relationship since May 2021. *Id.* ¶ 50. He shares a good relationship with his partner, and he speaks to her daily. *Id.* Defendant's partner is aware of the

3

instant case and remains supportive. *Id.* Defendant has one child from a previous romantic relationship. *Id.* ¶ 51. Defendant's daughter is a college student. *Id.* ¶ 51. Defendant's daughter and her mother are aware of Defendant's offense and remain supportive. *Id.*

### 2. *Educational and Employment History*

Defendant attended Saint Arostle Andrei, an automatics trade school in Romania, from 2000 to 2001. *Id.* ¶ 62. From 2004 to 2019, Defendant worked full-time at various restaurants in Romania, except for the year he spent as a construction worker in France. *Id.* ¶¶ 77–78. In 2019, Defendant moved to the United States, working as a server at various restaurants in Los Angeles and New York. *Id.* ¶¶ 67–77. In September 2023, Defendant left his job in Los Angeles due to his gambling addiction. *Id.* ¶ 67. Defendant was unemployed from September to November 2023. *Id.* ¶ 66. He has been incarcerated since November 2023. *Id.* ¶ 65.

### 3. *Prior Convictions*

Defendant has no prior criminal history. *Id.* ¶ 27.

### 4. *Physical and Mental Health*

Defendant reports being in good health. *Id.* ¶ 55. He was diagnosed with gastritis, inflammation of the stomach lining, when he was twenty-four. *Id.* ¶ 56.

Defendant has a gambling addiction. *Id.* ¶¶ 57–58. He reports his addiction led to the instant offense. *Id.* Defendant's family members tried to stop his gambling. *Id.* ¶ 59. Defendant reports never seeking treatment for his gambling addiction. *Id.* He has expressed interest in receiving such treatment. *Id.*

### 5. *Substance Abuse*

Defendant has no history of alcohol or illicit substance abuse. *Id.* ¶ 60. Defendant describes himself as a social drinker. *Id.* ¶ 61.

      6.    *Nature and Circumstances of the Offense*

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense. Defendant engaged in a conspiracy to obtain the bank account information of more than a thousand victims, stealing millions of dollars from their accounts and spending his illegal earnings on luxury items. *See supra* Part I. The Court's sentence justly punishes Defendant for his crimes and will deter others from engaging in similar acts.

**C. The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant was convicted of one count of Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. §§ 1029(b)(2), (c)(1)(A)(ii). Defendant faces a statutory maximum of seven and a half years' imprisonment and no minimum term. 18 U.S.C. §§ 1029(a)(2), (b)(2), (c)(1)(A)(ii). He faces a statutory maximum of three years' supervised release and no minimum term. 18 U.S.C. § 3583(b)(2). He faces a statutory maximum of five years' probation and a

minimum term of one year. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation in the absence of extraordinary circumstances: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

Defendant faces a maximum fine of $250,000.00, or twice the gross gain or twice the gross loss, whichever is greater. 18 U.S.C. § 3571(b). He owes a $100.00 mandatory special assessment. 18 U.S.C. § 3013. He owes restitution of $9,860.00. *See* Plea Agreement ¶ 1; **Sealed** PSR ¶ 83. Defendant is not a legal resident of the United States and faces deportation to Romania. **Sealed** Revised Probation Sentencing Recommendation at 2; Def. Sentencing Mem. at 1, ECF No. 34.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guideline for violations of 18 U.S.C. §§ 1029(a)(2), (b)(2), and (c)(1)(A)(ii) is U.S.S.G. §2B1.1. Defendant has a base offense level of six under U.S.S.G. §2B1.1(a)(2) because 18 U.S.C. § 1029(a)(2) has a statutory maximum below twenty years' imprisonment. *See* 18 U.S.C. § 1029(c)(1)(A)(ii).

Two levels are added under U.S.S.G. §2B1.1(b)(2)(A)(i) because Defendant's conduct involved more than ten victims. Another two levels are added under U.S.S.G. §2B1.1(b)(11)(A)(i)) because Defendant's conduct involved the possession or use of device-making equipment. Defense counsel argues another two levels are added under U.S.S.G. §2B1.1(b)(1)(B) because Defendant's conduct led to losses of greater than $6,500.00 but less than $15,000.00. Probation and the Government argue twelve levels are added because Defendant's conduct led to losses of greater than $250,000.00. Defense counsel argues these enhancements

bring Defendant's total offense level to twelve. Probation and the Government argue these enhancements bring Defendant's total offense level to twenty-two.

All parties agree two levels are reduced under U.S.S.G. §§4C1.1(a) because Defendant is a zero-point offender: has no prior criminal history and satisfies the requirements of U.S.S.G. §4C1.1(a). Defense and Probation argue two levels are reduced under U.S.S.G. §3E1.1(a) for Defendant's timely acceptance of responsibility. The Government argues three levels are reduced under U.S.S.G. §3E1.1 generally for Defendant's acceptance of responsibility.

Defense counsel argues these reductions bring Defendant's total adjusted offense level to eight (8). Probation argues these reductions bring Defendant's total adjusted offense level to seventeen (17). The Government argues three levels are reduced for acceptance of responsibility, resulting in a total adjusted offense level of fifteen (15).

All parties agree Defendant has a criminal history category of I. A total offense level of eight, combined with a criminal history category of I, results in a Guidelines range of 0–6 months' imprisonment. A total offense level of fifteen, combined with a criminal history category of I, results in a Guidelines range of 18–24 months' imprisonment. A total offense level of seventeen, combined with a criminal history category of I, results in a Guidelines range of 24–30 months' imprisonment.

The parties' sentencing recommendations differ. Probation recommends a sentence of twenty-four months' incarceration; an order of restitution in the amount of $9,860.00 owed to the victim, due immediately and payable at a rate of 10% of gross monthly income while on supervised release; payment of the $100.00 mandatory special assessment; and two years of supervised release with special conditions. Revised Probation Sentencing Rec. at 1. The Government recommends a sentence within the Guidelines range, as calculated by the Government, of eighteen to twenty-

four months. Government Sentencing Memorandum ("Gov't Sentencing Mem.") at 4–5, ECF No. 36. The Government argues such sentence will "promote respect for the law" where Defendant has "remained undeterred from this criminal conduct." *Id.* at 4. Defense counsel argues for a sentence of time served, given Defendant's incarceration since November 2023. Def. Sentencing Mem. at 1. Defense counsel notes Defendant has agreed to consent to a Judicial Order of Removal. *Id.* The Court appreciates the parties' arguments and has considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Both Probation and the Government call the Court's attention to Defendant's eleven pending charges for similar offenses in several different jurisdictions. Revised Probation Sentencing Rec. at 2, ECF No. 37-1; Gov't Sentencing Mem. at 4.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). As explained, restitution is mandatory in this case under 18 U.S.C. § 3663A. The Court reserves its right under 18 U.S.C. §

3664(d)(5) to hold an evidentiary hearing within ninety days after this sentencing to determine issues of restitution.

## IV. CONCLUSION

For the reasons stated, the Court sentences Defendant to eighteen months' imprisonment, to be followed by two years of supervised release, with both the standard and special conditions; and restitution in the amount of $9,860.00. The Court also imposes the $100.00 mandatory special assessment. This sentence is sufficient but not greater than necessary to accomplish the purposes of § 3553(a)(2). The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and Addenda thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

s/ WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2025
      Brooklyn, New York